*Pierce & Hennen* for plaintiffs—*Livermore & Morse* for defendants.

Eastern Dist
*April,* 1829.

COCHRAN
& AL.
*vs.*
FORT & AL.

---

### DREUX vs. HIS CREDITORS.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This appeal is taken from a judgment of the court of the first instance, sustaining the opposition of the curator of the late Jacques Dreux to the tableau of distribution filed by the syndics of the creditors of Dreux.

The contest before the court is nominally carried on between the curator, and Madame Dreux, the wife of the insolvent. The parties really interested are the heirs of Destrehan, and the other creditors.

By the tableau of distribution, Madame Dreux was placed as a privileged creditor on certain moveable property, the proceeds of

The wife should exercise her lien on moveable property not subject to any special lien, before she has recourse to immoveable property not mortgaged to a third person.

Previous to the passage of the Louisiana Code, the mortgage creditors in case of insolvency contributed rateably to the costs.

Eastern Dist. which had come into the hands of the syndics.
*April* 1829.
The curator contends there was an error in

DREUX
*vs.*
His Creditors

this, and that the balance due her should be paid out of the proceeds of a house and lot which had been mortgaged to the late Jean Noel Destrehan. The heirs of Destrehan insist on the right of the wife extending as well to the moveables as immoveables, and urge her claim should be satisfied out of the moveables, or immoveables subject to general mortgage, before recourse can be had on the property specially mortgaged to their ancestor.

The claim of the wife arose under the ancient laws of this country, previous to the passage of the first civil code. By these laws her lien extended as well to moveables as to immoveables possessed by the husband.

The first question presented for our decision is, whether she should not exercise her privilege on the moveable property which is not subject to any special lien, previous to her having recourse on immoveable property mortgaged to a third person, and we think she should. If all the property surrendered by the insolvent had been immoveable, and no part of it mortgaged but to the heirs of Destrehan, she

would have been compelled to come on that

which was unincumbered. If it had been all sold she would have been obliged to attack the last purchaser. On the same principle, she should seek satisfaction on the moveable property surrendered by the insolvent. When Destrehan acquired his lien he knew the wife had one on the moveable and immoveable property of her husband, and that she could be compelled to discuss it, before she had recourse on that affected to him. The insolvency has not weakened the right on the mortgagee.

But in support of the judgment rendered below, it has been urged that on the former tableau of distribution, there not being moveables enough to pay the costs, they were taken out of the share of Jacques Dreux, a mortgagee creditor. That there being now sufficient to satisfy them out of the sale of personal estate, the proceeds of that sale should be applied to their liquidation and discharge. The appellants contend on the other hand that all the property surrendered must contribute *pro rata* for the costs incurred in the *concurso.*

The 3236th article of the Louisiana Code seems to establish a contrary principle to that

invoked by the appellants. It provides that privileges shall be first paid out of the moveables, and in case they are insufficient, then the loss is to borne by the creditor whose mortgage is least ancient.

But this insolvency took place, and the rights of the creditors before us were acquired, previous to this amendment: the case must therefore be decided by the law, as it stood previous thereto.

Our old code, we think, settles one of the questions raised: that is, whether the moveables should not contribute first to the cost.

By the 73d article, law charges are declared to be a privilege on all the moveables. By the 76th, they are also made to extend to immoveables; but by the 78th article it would seem clearly the intention of the law makers that they should only be exercised on the immoveable property after the moveable was exhausted. The words of the law are, "when *for want* of moveables, the creditors who share a privilege according to the preceding article, demand to be paid out of the proceeds of the immoveables," *&c. C. Code*, 468, 470, 73, 76, 77.

The other question whether the mortgagee creditors should contribute rateably to the costs in case of a failure of moveable property, is not settled by any positive provision of our law, previous to the amendments to our late code. In the case of *Montegut* vs. *Delor*, it was decided in this court that the mortgage creditors should contribute *pro rata* to the costs. This decision we think correct, on the law as it then stood, and as this case does not come within the change lately made by the legislature, it should receive a similar decision. When the costs are incurred for the benefit of all, all should share the burthen.

The proceeds of the moveables should be first applied to the payment of the law charges; after this payment, the privilege of the wife must be satisfied. If a deficit remains, the mortgage creditors must contribute, each according to the sum due to them.

From the evidence before us, it appears that the amount proceeding from the sale of the moveables since the filing the second tableau is $855, costs incurred in the same time deducted. The amount of law charges previous thereto is $4489 62, which is more than sufficient

to absorb this sum. But there was made on the sale of moveables previous to the filing of the second tableaux $1660 40, which left a balance of $2829 20 to be satisfied by the mortgage creditors. This amount was distributed among them as follows. The negroes hypothecated to Wiltz & others, contributed $1865 25; the house subject to the lien of Destrehan $412 75; and the land subject to Mrs. Dreux's mortgage $551 20.

The distribution of the $855 made since the application of the funds of the mortgage creditor to the payment of costs is now contested. The curator of Dreux admitting in his opposition that the mortgage creditors out of whose funds the former costs were levied and paid, have a right to be reimbursed, avers that he was the last mortgage creditor of the slaves; that it was therefore out of his share that all the costs had been levied. But this appears to be an error: for the slaves subject to his mortgage only paid $1865 25, and the heirs of Destrehan and Madame Dreux paid together $963 95. The heirs insist they have a right to claim reimbursement for the whole of this sum, for the widow having a lien or privi-

lege which was superior to theirs on the house, <span>Eastern Dist. *April* 1829.</span> the whole burthen has fallen on them. This is true, and as they bore the burthen, they must now reap the benefit of the repayment.

<span>DREUX *vs.* His Creditors</span>

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed: and it is further ordered, adjudged and decreed, that the curator of Jacques Dreux be placed on the tableau of distribution as a privileged creditor for $563 69, and the heirs of Destrehan for $291 31. The appellee paying the costs of the appeal.

*Seghers & Moreau* for the plaintiffs— *Denis* for the defendant.